IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN JONES,

       Plaintiff,                     No. 2:09-cv-1373 GEB AC P

    vs.

CHRISTOPHER JENKINS, et al.,

       Defendants.              <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

        By order filed on June 1, 2012, the court directed the United States Marshal to serve process upon three defendants, including Sgt. Christopher Jenkins, in this case.  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendants.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1

On November 20, 2012, the United States Marshal filed a return of service with a USM-285 form showing a total charge of $139.68 for effecting personal service upon defendant Jenkins.  The forms shows that a waiver of service form was mailed to defendant Jenkins on June 11, 2012.  When the waiver was not returned, the marshal, on October 25, 2012, assigned personal service which service was executed on November 2, 2012.  The individual served on behalf of defendant is identified as Julie Parmley, Office Tech Personnel.

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.

Fed. R. Civ. P. 4(d)(1).

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A)  the expenses later incurred in making service; and
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendant Jenkins was given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.  While it appears that defendant Jenkins appeared in this case by way of a joinder, on October 5, 2012, in the motion to dismiss previously brought by the other two defendants almost three weeks before the marshal ordered personal service of the complaint, there evidently was no executed waiver of service returned to the court by which the marshal could have been alerted to defendant Jenkins' prior appearance.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendant Christopher Jenkins shall pay to the United States Marshal the sum of $139.68 unless within that time defendant

1 Jenkins files a written statement showing good cause for his failure to waive service. The court
2 does not intend to extend this fourteen day period.
3     2. The Clerk of the Court is directed to serve a copy of this order on the U.S.
4 Marshal.
5 DATED: December 4, 2012.

                                             ALLISON CLAIRE
                                             UNITED STATES MAGISTRATE JUDGE

AC:009