IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN JONES,

     Plaintiff,                    No. 2:09-cv-1373 GEB AC P

     vs.

CHRISTOPHER JENKINS, et al.,

     Defendants.               FINDINGS AND RECOMMENDATIONS

/

          Plaintiff, a state prisoner proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983. Defendants Caron and Colvin filed a motion to dismiss for failure to exhaust administrative remedies pursuant to non-enumerated Fed. R. Civ. P. 12(b) (ECF No. 18) on August 9, 2012. Defendant Jenkins filed a notice of joinder in the motion (ECF No. 19) on October 5, 2012. Plaintiff has not opposed the motion.

          Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On June 12, 2012 (ECF No. 15), plaintiff was advised of the requirements for filing an opposition to a non-enumerated Rule 12(b) motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14. Defendants provided contemporaneous <u>Wyatt</u> notice with

1

1  their motion.  Woods v. Carey, 684 F.3d 934 (2012.  In the order of June 12, 2012, plaintiff was
2  advised that failure to file a written opposition to such a motion may be considered by the court
3  to be a waiver of opposition to the motion.
4         Accordingly, plaintiff's failure to oppose should be deemed a waiver of
5  opposition to the granting of the motion.  In the alternative, the court has reviewed the motion
6  and finds that it has merit.
7         In his complaint, plaintiff alleges the defendants, on September 20, 2008,
8  subjected him to excessive force in violation of the Eighth Amendment at California State
9  Prison-Sacramento (CSP-SAC).  See Complaint.  The complaint was filed on May 18, 2009.
10 The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that a prisoner
11 complete the administrative review process in accordance with the applicable procedural rules.
12 Woodford v. Ngo, 548 U.S. 81 (2006).  In order for California prisoners to exhaust
13 administrative remedies, they must proceed through several levels of appeal:  1) informal
14 resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to
15 the institution head or designee, and 4) third level appeal to the Director of the California
16 Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing
17 Cal. Code Regs. tit. xv, § 3084.5).  A final decision from the Director's level of review satisfies
18 the exhaustion requirement.  Id. at 1237-38. An untimely or otherwise procedurally defective
19 appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. at 84.  Moreover,
20 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions
21 *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d
22 1198 (9th Cir. 2002).
23        Defendants have produced a declaration from CSP-SAC appeals coordinator K.
24 Daly attesting that no inmate appeals were submitted by plaintiff after September 20, 2008
25 resulting in a first or second level decision prior to May 18, 2009.  ECF No. 18-2. J. D. Lozano,
26 chief of the office of appeals, declares that records indicate that plaintiff submitted no appeal at

the third level after September 20, 2008 that received a decision before May 18, 2009. This showing satisfies defendants' burden of raising and proving non-exhaustion. <u>Wyatt</u>, 315 F.3d at 1119. The undersigned accordingly finds that the motion has merit and should be granted on that alternative basis, as well as on grounds of plaintiff's failure to oppose.

Accordingly, IT IS HEREBY RECOMMENDED that**:**

1. Defendants Caron's and Colvin's motion to dismiss (ECF No. 18), in which defendant Jenkins joined (ECF No. 19) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
jone1373.46

3